IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Judy Navanda Deloach, | ) | C/A No. 0:20-2150-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. | ) | **FROM THE SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social | ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, | ) | |
| | ) | ☒ Affirmed |
| Defendant. | ) | ☐ Reversed and Remanded |
| | ) | |

     This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☐    Supplemental Security Income ("SSI")

       Application date: _____     Plaintiff's age at filing: ____

☒    Disability Insurance Benefits ("DIB")

       Date last insured: <u>December 31, 2017</u>

☐    Other:

Plaintiff's Year of Birth: <u>1962</u>

Plaintiff's amended alleged onset date: <u>November 28, 2017</u>

**Part II—Social Security Disability Generally**

     Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also <u>Blalock v. Richardson</u>, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. <u>Id.</u>

     A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also <u>McLain v. Schweiker</u>, 715 F.2d 866, 868-69 (4th Cir. 1983); <u>Hall v. Harris</u>, 658 F.2d 260, 264-65 (4th Cir. 1981); <u>Wilson v.

Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  May 14, 2019

In applying the requisite five-step sequential process, the ALJ found:

Step 1:         Plaintiff was engaged in substantial gainful activity during the relevant time period:
                ☐ Yes  ☒ No

Step 2:         ☒ Plaintiff has the following severe impairments:
                Chiari malformation with repair, cervical degenerative disc disease, seizures, and hand pain.

                ☐ Plaintiff does not have a severe impairment.

Step 3:         ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:         Plaintiff's Residual Functional Capacity is as follows:

                [t]o perform light work as defined in 20 CFR 404.1567(b) except that she can never climb ladders, ropes, or scaffolds; she could occasionally climb ramps and stairs; she could occasionally reach overhead; she must avoid concentrated exposure to moving machinery; and she must avoid all exposure to unprotected heights.

                ☒ Plaintiff could return to his/her past relevant work as a laundry folder, folding machine operator, short order cook, and bakery clerk, all as generally performed.

Step 5:         ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2.

                ☐ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

Date of Appeals Council decision:  April 3, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015).  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."  Biestek, 139 S. Ct. at 1154 (citation omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]."  Craig, 76 F.3d at 589;

see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence.  Blalock, 483 F.2d at 775.

**Oral Argument:**

☐ **Held on**

☒ **Not necessary for disposition.**

**Summary of Reasons**

The plaintiff's brief indicates that the sole issue on appeal is that the ALJ's decision is not supported by substantial evidence.  The plaintiff then provides a brief procedural history and statement of facts.  The plaintiff's argument section consists of several legal principles applicable to review of evidence before an ALJ and then states as follows:

> Applying these principles to the present case, the law and facts below preclude affirmation of the ALJ's findings regarding the medical source opinions, impairment severity, and medical equivalency.
>
> Substantial evidence does not support the ALJ's rejection of the evidence regarding Ms. Deloach's multiple impairments.

(Pl.'s Br. at 3, ECF No. 15 at 3.)  This is the entirety of the plaintiff's argument on appeal.

The court agrees with the defendant that the plaintiff has waived any challenge to the ALJ's decision by failing to present any arguments or even direct the court to any specific evidence supporting her position that the ALJ's decision is unsupported by substantial evidence.  Such cursory argument by the plaintiff is insufficient to demonstrate that the ALJ's decision is unsupported by substantial evidence or controlled by an error of law.  In fact, the plaintiff has not suggested any evidence that the ALJ failed to consider or improperly considered, nor has she pointed to any law or regulation that the ALJ misapplied.  See Grayson O Co. v. Agadir Int'l LLC, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to 'develop [its] argument'—even if [its] brief takes a passing shot at the issue.") (quoting Brown v. Nucor Corp., 785 F.3d 895, 923 (4th Cir. 2015)) (alterations in

original); Harley v. Comm'r Soc. Sec. Admin., C/A No. 8:19-CV-01547-MGL-JDA, 2020 WL 7231127, at *7 (D.S.C. June 3, 2020) ("Plaintiff has failed to point the Court to any specific complaints about evidence the ALJ failed to consider in performing his analysis; failed to cite to any record evidence or case law in support of these arguments; and failed to specify how the ALJ's decision failed to comport with the governing regulations and applicable case law. . . . Therefore, the Court finds that these arguments have been waived.") (Report and Recommendation) adopted sub nom. Harley v. Saul, 2020 WL 7021706 (D.S.C. Nov. 30, 2020). The plaintiff did not file any reply to this argument by the defendant, even after seeking and receiving an extension of time to file a reply brief. Accordingly, the court finds the ALJ's decision should be affirmed.[1]

## ORDER

☒ **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐ **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐ **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
May 14, 2021                                          Paige J. Gossett
Columbia, South Carolina                    UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, even considering the plaintiff's cursory arguments and factual recitation, for the reasons discussed by the defendant, the ALJ's decision is supported by substantial evidence and the plaintiff has failed to provide a basis for remand. (See Def.'s Br. at 8-10, ECF No. 17 at 8-10.)